UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Northern Division

ALEXANDRA DEITEMYER

      Plaintiff

v.

STEVEN RYBACK, ET AL.,

      Defendants

Case No. ELH-18-CV-2002

## DEFENDANTS STEVEN RYBACK, JONATHAN BIERER AND THE BIERER LAW GROUP, P.A.'S ANSWER TO THE COMPLAINT

Defendants Steven Ryback, Jonathan Bierer and The Bierer Law Group, P.A. (hereinafter collectively referred to as the "Bierer Defendants"), by and through their undersigned counsel, hereby answer Plaintiff's Complaint as follows:[1]

1.     The Bierer Defendants admit that Plaintiff is currently unrepresented, deny that they are liable to the Plaintiff and admit that Plaintiff has brought suit under the Fair Debt Collection Practices Act. The remaining averments in ¶ 1 of the Complaint call for legal conclusions for which no response is required.

2.     Paragraph 2 requires a legal conclusion to which no response is required.

3.     Paragraph 3 requires a legal conclusion to which no response is required.

4.     The Bierer Defendants lack sufficient information to admit or deny the allegations in Paragraph 4 of the Complaint.

---

[1] On August 6, 2019, Judge Ellen Lipton Hollander entered an Order granting the Bierer Defendants' Motion to Dismiss as to Plaintiff's claims under 15 U.S.C. § 1692c(b) and § 1692i(b).

5.      The Bierer Defendants admit that the Bierer Law Group, P.A. is a Professional Association organized under the laws of the State of Maryland, that the law firm transacts business in Maryland, that Jonathan Bierer is its resident agent and that its address is 502 S. Sharp Street, Suite 1100, Baltimore, MD 21201. The remaining averments in ¶ 5 of the Complaint call for legal conclusions for which no response is required.

6.      The Bierer Defendants admit that Steven Ryback is an attorney licensed to practice law in the State of Maryland, that he is employed in that capacity by the Bierer Law Group, P.A. and that he renders legal services in connection with the collection of debts to clients of the Bierer Law Group, P.A. The remaining averments in ¶ 6 of the Complaint call for legal conclusions for which no response is required.

7.      The Bierer Defendants admit that Jonathan Bierer is an attorney licensed to practice law in the State of Maryland, that he is employed in that capacity by the Bierer Law Group, P.A. and that he renders legal services in connection with the collection of debts to clients of the Bierer Law Group, P.A. The remaining averments in ¶ 7 of the Complaint call for legal conclusions for which no response is required.

8.      The Bierer Defendants lack sufficient information to admit or deny the allegations in Paragraph 8 of the Complaint.

9.      The Bierer Defendants lack sufficient information to admit or deny the allegations in Paragraph 9 of the Complaint.

10.     The Bierer Defendants incorporate by reference their responses to ¶¶ 1-9 into this answer to paragraph 10 of the Complaint.

11.     The Bierer Defendants admit that Plaintiff, under her maiden name, entered into a Non-Negotiable Credit Agreement with JP Morgan Chase Bank, N.A. on or about August 24,

2005 in the principal amount of $16,042.78.  The Bierer Defendants are without sufficient information to admit or deny the allegations pertaining to Plaintiff's intent and/or how the funds in question were used. The remaining averments in ¶ 11 of the Complaint call for legal conclusions for which no response is required.

12.     Paragraph 12 requires a legal conclusion to which no response is required. To the extent a response is required the allegations are denied.

13.     The Bierer Defendants lack sufficient information to admit or deny the allegations in Paragraph 13 of the Complaint.

14.     The Bierer Defendants lack sufficient information to admit or deny the allegations in Paragraph 14 of the Complaint.

15.     The Bierer Defendants lack sufficient information to admit or deny the allegations in Paragraph 15 of the Complaint.

16.     The Bierer Defendants lack sufficient information to admit or deny the allegations in Paragraph 16 of the Complaint.

17.     The Bierer Defendants lack sufficient information to admit or deny the allegations in Paragraph 17 of the Complaint.

18.     The Bierer Defendants lack sufficient information to admit or deny the allegations in Paragraph 18 of the Complaint.

19.     The Bierer Defendants admit that they are not lenders and did not offer to extend credit to the Plaintiff. The Bierer Defendants lack sufficient information to admit or deny the remaining averments in ¶ 19 of the Complaint.

20.     The Bierer Defendants lack sufficient information to admit or deny the allegations in Paragraph 20 of the Complaint.

21.     The Bierer Defendants lack sufficient information to admit or deny the allegations in Paragraph 21 of the Complaint.

22.     The Bierer Defendants lack sufficient information to admit or deny the allegations in Paragraph 22 of the Complaint.

23.     The Bierer Defendants lack sufficient information to admit or deny the allegations in Paragraph 23 of the Complaint.

24.     The Bierer Defendants lack sufficient information to admit or deny the allegations in Paragraph 24 of the Complaint.

25.     The Bierer Defendants lack sufficient information to admit or deny the allegations in Paragraph 25 of the Complaint. Moreover, this paragraph calls for legal conclusions for which no response is required.

26.     Paragraph 26 requires a legal conclusion to which no response is required. To the extent that ¶ 26 contains factual averments, the Bierer Defendants lack sufficient information to admit or deny these allegations, except that the Bierer Defendants deny Plaintiff's claim that no attorney-client relationship existed between them and NCSLT 2005-3 and/or TSI.

27.     Paragraph 27 requires a legal conclusion to which no response is required. To the extent that a response is required The Bierer Defendants admit that Plaintiff has accurately cited the provisions of 15 U.S.C. § 1692g(a)(2).

28.     Paragraph 28 requires a legal conclusion to which no response is required. To the extent that a response is required The Bierer Defendants admit that Plaintiff has accurately cited the provisions of 15 U.S.C. § 1692a(4).

29.     Paragraph 29 requires a legal conclusion to which no response is required. To the extent that a response is required The Bierer Defendants admit that they are not creditors and

lack sufficient information to admit or deny whether NCSLT 2005-3 is a creditor as the term is defined by the FDCPA.

30.     Paragraph 30 requires a legal conclusion to which no response is required. To the extent that a response is required The Bierer Defendants admit that Plaintiff has accurately cited a portion of 15 U.S.C. § 1692e.

31.     The Bierer Defendants admit that Plaintiff has brought suit against them, and deny any and all liability to the Plaintiff. The Bierer Defendants deny that any of their communications were false, misleading and/or would have deceived the least sophisticated consumer and admit that they sought to collect a debt on behalf of NCSLT 2005-3. The Bierer Defendants lack sufficient information to admit or deny the remaining allegations in Paragraph 31 of the Complaint.

32.     The Bierer Defendants admit that they are attorneys and that they were counsel for NCSLT 2005-3. The Bierer Defendants lack sufficient information to admit or deny the remaining allegations in Paragraph 32 of the Complaint.

33.     The Bierer Defendants admit that they are unrelated to NCSLT 2005-3 and TSI in terms of corporate control and ownership. The Bierer Defendants further admit that no outside investor has an ownership interested in the Bierer Law Group, P.A. The Bierer Defendants lack sufficient information to admit or deny the remaining allegations in Paragraph 33 of the Complaint.

34.     No response is required pursuant to Judge Hollander's August 6, 2019, Order granting the Bierer Defendants' Motion to Dismiss as to Plaintiff's claims under 15 U.S.C. § 1692c(b) and § 1692i(b).

35.     No response is required pursuant to Judge Hollander's August 6, 2019, Order granting the Bierer Defendants' Motion to Dismiss as to Plaintiff's claims under 15 U.S.C. § 1692c(b) and § 1692i(b).

36.     The Bierer Defendants admit that they served Plaintiff with the Complaint in the matter styled National Collegiate Student Loan Trust 2005-3 v. Alexandra Marino, District Court of Maryland for Montgomery County (subsequently transferred to Frederick County), that attached to the Complaint was an affidavit of Dudley Turner, that the total amount (principal plus interest) sought was $22,426.16 and that Plaintiff's student loan was in default. The Bierer Defendants deny the remaining factual allegations in ¶ 36 of the Complaint and that they violated 15 U.S.C. § 1692e through the use of false, deceptive and/or misleading representations or otherwise.

37.     Paragraph 37 requires a legal conclusion to which no response is required. To the extent that a response is required the averments in ¶ 37 are denied.  The Bierer Defendants further deny that they violated 15 U.S.C. § 1692g.

38.     No response is required pursuant to Judge Hollander's August 6, 2019, Order granting the Bierer Defendants' Motion to Dismiss as to Plaintiff's claims under 15 U.S.C. § 1692c(b) and § 1692i(b). To the extent that a response is required the Bierer Defendants admit that they contacted the clerk of the District Court of Maryland for Montgomery County, deny that they violated 15 U.S.C. § 1692c(b) and admit the case was transferred to the District Court of Maryland for Frederick County.

39.     The Bierer Defendants' admit that they received correspondence from Plaintiff, deny that they violated §§ 1692c and/or 1692e of the FDCPA and deny that Plaintiff has suffered any damages.

40.     No response is required pursuant to Judge Hollander's August 6, 2019, Order granting the Bierer Defendants' Motion to Dismiss as to Plaintiff's claims under 15 U.S.C. § 1692c(b) and § 1692i(b). To the extent that a response is required the Bierer Defendants deny that they violated 15 U.S.C. 1692c(b) and that they put Plaintiff is a stressful position. The Bierer Defendants admit the remaining factual assertions in ¶ 40 of the Complaint.

41.     No response is required pursuant to Judge Hollander's August 6, 2019, Order granting the Bierer Defendants' Motion to Dismiss as to Plaintiff's claims under 15 U.S.C. § 1692c(b) and § 1692i(b). To the extent that a response is required the Bierer Defendants deny that they violated 15 U.S.C. 1692c(b) and admit that they requested that judgment be entered against Plaintiff.

42.     No response is required pursuant to Judge Hollander's August 6, 2019, Order granting the Bierer Defendants' Motion to Dismiss as to Plaintiff's claims under 15 U.S.C. § 1692c(b) and § 1692i(b). Furthermore, paragraph 42 requires a legal conclusion to which no response is required. To the extent that a response is required, the Bierer Defendants admit that they had communications with the clerks of the District Court of Maryland for Montgomery and Frederick Counties and deny the remaining averments and allegations in this paragraph.

43.     The Bierer Defendants lack sufficient information to admit or deny the allegations in Paragraph 43 of the Complaint.

44.     The Bierer Defendants admit that they are attorneys licensed to practice law in Maryland, that they file lawsuits on behalf of clients, that in some of these lawsuits they seek to collect past due and owing debts on behalf of their clients and that and that they search databases to determine whether potential defendants are members of the military. The Bierer Defendants deny that they have violated the FDCPA, or any other Federal or State statutes.

45.     The Bierer Defendants deny that they have violated the FDCPA, or any other Federal or State statutes and admit that Plaintiff is currently proceeding pro se.

46.     The Bierer Defendants lack sufficient information to admit or deny the allegations in Paragraph 46 of the Complaint.

47.      The Bierer Defendants admit that they sent communications to the Plaintiff and the clerks of the District Courts of Maryland, and deny the remaining allegations and averments in ¶ 47 of the Complaint. The Bierer Defendants further deny that they violated 15 U.S.C. §§ 1692c and/or 1692e.

48.      Paragraph 48 requires a legal conclusion to which no response is required. To the extent a response is required, ¶ 48 of the Complaint is denied.

49.     Denied.

50.     Paragraph 50 requires a legal conclusion to which no response is required. To the extent a response is required, ¶ 50 of the Complaint is denied.

51.     Denied.

52.     Denied.

53.     Denied.

54.     Denied.

55.     Denied as phrased, as the Bierer Defendants never issued an invoice to the Plaintiff.

**Affirmative and Other Defenses**

1.      Plaintiff's Amended Complaint fails state a claim upon which relief can be granted.

2.      Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations.

3.      Plaintiff's claims are barred, in whole or in part, by *res judicata*.

4.      Plaintiff's claims are barred, in whole or in part, by collateral estoppel.

5.      Plaintiff's claims are barred, in whole or in part, by waiver.

6.      Plaintiff's claims are barred, in whole or in part, by accord and satisfaction.

7.      Plaintiff's claims are barred by the Bona Fide Error Defense.


Respectfully submitted


_____/s/_____
Daniel R. Hodges, Esquire (Fed. Bar #28252)
Eccleston & Wolf, P.C.
7240 Parkway Drive
Fourth Floor
Hanover, Maryland 21076
Phone: 410-752-7474
Fax: 410-752-0611
Email: hodges@ewmd.com
*Attorneys for the Bierer Defendants*


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 14th day of August, 2019, a copy of the foregoing

Answer was served via electronic PACER filing and via first class mail on:


Alexandra Deitemyer
2018 Tuscarora Valley Court
Frederick, Maryland 21702
*Pro se Plaintiff*

Padraic Kevin Keane, Esq.
Jordan Coyne LLP

10509 Judicial Dr
Ste 200
Fairfax, VA 22030
*Counsel for Co-Defendant Transworld Systems, Inc.*


_____/s/_____
Daniel R. Hodges, Esquire (Fed. Bar #28252)