IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

| | | |
|---|---|---|
| Alexandra Deitemyer, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. ELH18-CV-2002 |
| | § | |
| Steven Ryback, et al., | § | |
| | § | |
| Defendants. | § | |

**TRANSWORLD SYSTEMS INC.'S ANSWER & AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

Defendant, Transworld Systems Inc. ("TSI"), through undersigned counsel and under the Federal Rules of Civil Procedure, responds to the complaint filed by plaintiff, Alexandra Deitemyer, and states:

**JURISDICTION AND VENUE**

1. TSI admits that plaintiff purports to bring this action for alleged violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*, but denies any and all liability, violations and/or damages to the extent alleged in ¶ 1.

2. TSI does not contest jurisdiction but otherwise denies the allegations in ¶ 2 and leaves all matters of jurisdiction to the Court.

3. TSI does not contest venue but otherwise denies the allegations in ¶ 3 and leaves all matters of venue to the Court.

**THE PARTIES**

4. TSI denies the allegations in ¶ 4 as to plaintiff's address for lack of knowledge or information sufficient to form a belief therein. The remaining allegations in

¶4 constitute a legal conclusion to which no response is required. In the event a response is required, TSI denies the remaining allegations in ¶ 4.

5. TSI denies the allegations in ¶ 5 for lack of knowledge or information sufficient to form a belief therein.

6. TSI denies the allegations in ¶ 6 for lack of knowledge or information sufficient to form a belief therein.

7. TSI denies the allegations in ¶ 7 for lack of knowledge or information sufficient to form a belief therein.

8. TSI admits the allegations in ¶ 8.

9. TSI denies the allegations in ¶ 9 for lack of knowledge or information sufficient to form a belief therein.

**FACTUAL CLAIMS**

10. In response to ¶ 10, TSI reasserts the foregoing responses as if fully stated herein.

11. TSI admits that on or about August 10, 2005, plaintiff executed as a student borrower a non-negotiable credit agreement, which speaks for itself, and on or about August 24, 2005, the student loan was fully funded and disbursed. Except as specifically admitted, TSI denies the allegations in ¶ 11.

12. The allegations in ¶12 constitute legal conclusions or statements of law to which no response is required. In the event a response is required, TSI denies the allegations in ¶ 12.

13. TSI admits upon information and belief that NCSLT 2005-3 acquired the

subject loan pursuant to a pre-arranged securitization agreement. Except as specifically admitted, TSI denies the allegations in ¶ 13.

14. TSI denies the allegations in ¶ 14.

15. TSI denies the allegations in ¶ 15.

16. TSI admits upon information and belief that NCSLT 2005-3 acquired the subject loan through an intermediary entity pursuant to a pre-arranged securitization agreement. Except as specifically admitted, TSI denies the allegations in ¶ 16.

17. TSI admits that it is the post-default servicer of the subject loan. Except as specifically admitted, TSI denies the allegations in ¶ 17.

18. TSI denies the allegations in ¶ 18.

19. TSI admits that it did not offer or extend credit to plaintiff. Except as specifically admitted, TSI denies the allegations in ¶ 19.

20. TSI denies the allegations in ¶ 20.

21. TSI denies the allegations in ¶ 21.

22. TSI denies the allegations in ¶ 22.

23. TSI denies the allegations in ¶ 23.

24. TSI denies the allegations in ¶ 24.

25. TSI denies the allegations in ¶ 25.

26. TSI denies the allegations in ¶ 26.

27. The allegations in ¶27 constitute statements of law to which no response is required. In the event a response is required, TSI denies the allegations in ¶ 27.

28. The allegations in ¶28 constitute statements of law to which no response is

required. In the event a response is required, TSI denies the allegations in ¶ 28.

29. The allegations in ¶29 constitute conclusions and statements of law to which no response is required. In the event a response is required, TSI denies the allegations in ¶ 29.

30. The allegations in ¶30 constitute statements of law to which no response is required. In the event a response is required, TSI denies the allegations in ¶ 30.

31. TSI denies the allegations in ¶ 31.

32. TSI denies the allegations in ¶ 32.

33. TSI admits the parties named as defendants in the Complaint are separate persons or entities. Except as specifically admitted, TSI denies the allegations in ¶ 33.

34. TSI denies the allegations in ¶ 34.

35. TSI admits upon information and belief that NCSLT 2005-3, by and through its attorney's filed a collection action against plaintiff. Except as specifically admitted, TSI denies the allegations in ¶ 35.

36. TSI denies the allegations in ¶ 36.

37. TSI denies the allegations in ¶ 37 for lack of knowledge or information sufficient to form a belief therein.

38. TSI denies the allegations in ¶ 38 for lack of knowledge or information sufficient to form a belief therein.

39. TSI denies the allegations in ¶ 39 for lack of knowledge or information sufficient to form a belief therein.

40. TSI denies the allegations in ¶ 40 for lack of knowledge or information

sufficient to form a belief therein.

41. TSI denies the allegations in ¶ 41 for lack of knowledge or information sufficient to form a belief therein.

42. TSI denies the allegations in ¶ 42 for lack of knowledge or information sufficient to form a belief therein.

43. TSI denies the allegations in ¶ 43.

44. TSI denies the allegations in ¶ 44 for lack of knowledge or information sufficient to form a belief therein.

45. TSI denies the allegations in ¶ 45 for lack of knowledge or information sufficient to form a belief therein.

46. The allegations in ¶46 constitute conclusions or statements of law to which no response is required. In the event a response is required, TSI denies the allegations in ¶ 46.

47. TSI denies the allegations in ¶ 47.

48. TSI denies the allegations in ¶ 48.

49. TSI denies the allegations in ¶ 49.

50. The allegations in ¶46 constitute conclusions or statements of law to which no response is required. In the event a response is required, TSI denies the allegations in ¶ 50.

51. TSI denies the allegations in ¶ 51.

## CLAIM FOR DAMAGES

52. TSI denies that plaintiff is entitled to the relief sought in ¶ 52 or to any relief whatsoever.

53. TSI denies the allegations in ¶ 53.

54. TSI denies the allegations in ¶ 54.

55. TSI denies the allegations in ¶ 55 for lack of knowledge or information sufficient to form a belief therein.

## AFFIRMATIVE DEFENSES

1. To the extent that any violations are established, any such violations were not intentional and resulted from *bona fide* error notwithstanding the maintenance of procedures reasonably adopted and specifically intended to avoid any such error.

2. TSI denies all liability; however, regardless of liability, plaintiff has suffered no actual damages as a result of TSI's purported violations.

3. One or more claims asserted by plaintiff are barred by the statute of limitations, laches, estoppel, waiver, unclean hands and/or equity.

4. Assuming that plaintiff suffered any damages, which TSI denies, she has failed to mitigate his damages or take other reasonable steps to avoid or reduce her damages.

5. Assuming plaintiff has suffered any harm, which TSI denies, any harm suffered by plaintiff was legally and proximately caused by persons or entities other than TSI and were beyond the control or supervision of TSI or for whom TSI was and is not responsible or liable.

6. Plaintiff has failed to state a claim against TSI upon which relief may be granted.

WHEREFORE, defendant, Transworld Systems Inc., requests the Court dismiss this action with prejudice and grant it any other relief that the Court deems appropriate.

Dated: August 19, 2019

Respectfully Submitted,

/s/ Padraic K. Keane

Padraic K. Keane #17179
Jordan Coyne LLP
10509 Judicial Drive, Suite 200
Fairfax, VA 22030
Telephone: (703) 246-0900
Facsimile: (703) 591-3673
Email: p.keane@jocs-law.com

*Counsel for Defendant,*
*Transworld Systems Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that August 19, 2019, a copy of the foregoing was filed electronically in the Court's ECF system and served on plaintiff by first class U.S. Mail to the address listed below.

*Alexandra Deitemyer*
*2018 Tuscarora Valley Court*
*Frederick, MD 21702*
*Plaintiff, Pro Se*

/s/ Padraic K. Keane
Padraic K. Keane