FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2019 SEP 13 PM 5:0

CLERK'S OFFICE
AT BALTIMORE

BY_____DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ALEXANDRA DEITEMYER,

*Plaintiff,*

v.

Civil Action No.: ELH-18-2002

STEVEN RYBACK ESQ. et al.,

*Defendants.*

## MEMORANDUM

On July 2, 2018, plaintiff Alexandra Deitmeyer filed suit under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*., against defendants Steven Ryback, Esq.; Jonathan W. Bierer, Esq.; Bierer Law Group, P.A. (collectively, "Attorney Defendants"); Transworld Systems, Inc. ("Transworld"); and 10 unnamed defendants. ECF 1. The Attorney Defendants filed a Motion to Dismiss, or, in the alternative, Motion for Summary Judgment on September 5, 2018. ECF 4 (the "Motion"). Transworld joined the Motion. ECF 6.

By Memorandum Opinion (ECF 10) and Order docketed August 6, 2019 (ECF 11), I granted in part and denied in part defendants' Motion. Of relevance here, I granted defendants' Motion as to plaintiff's claim lodged under 15 U.S.C. § 1692i(b). ECF 11.

Thereafter, on September 4, 2019, plaintiff filed a motion titled "Plaintiff's Motion To Set Aside Interlocutory Order Pursuant to Fed. R. Civ. P. 54(b) And For Other Relief." ECF 17 ("Motion to Reconsider"). Plaintiff appended two exhibits to her motion. ECF 17-1; ECF 17-2.

In the Motion to Reconsider, plaintiff avers that the "published text of the [FDCA] . . . contains a false statement of 15 U.S.C. § 1692i(b) not enacted by Congress." ECF 17 at 1. According to plaintiff, this "defect . . . induced the Court to clearly misconstrue § 1692(c)(b)." *Id.* Thus, plaintiff asks the Court to vacate its Order dismissing her claim under § 1692i(b), based on

"newly discovered evidence certified by the National Archives and Records Administration[.]"
*Id.*

No hearing is necessary to resolve the Motion to Reconsider. *See* Local Rule 105.6. For the reasons that follow, I will deny the motion.

## I.  Discussion

Motions for reconsideration of an interlocutory order are governed by Fed. R. Civ. P. 54(b), under which "any order . . . may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." A district court retains the power to reconsider and modify its interlocutory judgments at any time before final judgment. *U.S. Tobacco Coop., Inc. v. Big South Wholesale of Va., LLC*, 899 F.3d 236, 256 (4th Cir. 2018); *Am. Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 514-15 (4th Cir. 2003). Accordingly, resolution of a motion to reconsider an interlocutory order is "committed to the discretion of the district court," *id.* at 515, with "the goal . . . to reach the correct judgment under law." *Netscape Commc'n Corp. v. ValueClick, Inc.,* 704 F.Supp.2d 544, 547 (E.D.Va. 2010) (internal citations omitted).

Nonetheless, "most courts have adhered to a fairly narrow set of grounds on which to reconsider their interlocutory orders and opinions," and will reconsider an interlocutory order only where "(1) there has been an intervening change in controlling law; (2) there is additional evidence that was not previously available; or (3) the prior decision was based on clear error or would work manifest injustice." *Cezair v. JPMorgan Chase Bank, N.A.*, No. DKC-13-2928, 2014 WL 4955535, at *1 (D. Md. Sept. 30, 2014) (citations omitted).

Local Rule 105.10 further limits the Court's ability to entertain motions for reconsideration. With exceptions not applicable here, Local Rule 105.10 provides that "any motion to reconsider any order issued by the Court shall be filed with the Clerk not later than

2

fourteen (14) days after entry of the order." *See, e.g.*, *Direct Benefits, LLC v. TAC Fin., Inc.*, No. RDB-13-1185, 2019 WL 3804513, at \*4 (D. Md. Aug. 13, 2019) ("This Court has held that untimeliness is sufficient to warrant denial of a motion for reconsideration."); *Humane Soc. of U.S. v. Nat'l Union Fire Ins. Co. of Pittsburgh*, No. DKC-13-1822, 2017 WL 1426007, \*5 (D. Md. Apr. 21, 2017) (denying motion for reconsideration where it was untimely filed and the plaintiff "offer[ed] no persuasive justification for suspending Local Rule 105.10"). And, the Court ordinarily "will not grant reconsideration based on omitted evidence" that could have been presented to the Court before it made the interlocutory ruling at issue, unless there are sound reasons to do so. *Paulone v. City of Frederick, Civ.* No. WDQ-09-2007, 2010 WL 3000989, at \*3 (D. Md. July 26, 2010).

Plaintiff's Motion to Reconsider is untimely. The Order dismissing plaintiff's claim premised on 5 U.S.C. § 1692i(b) was docketed on August 6, 2019. ECF 11. Plaintiff did not file her Motion until September 4, 2017. ECF 17. Therefore, her filing is well outside the fourteen-day window provide by Local Rule 105.10. And, plaintiff "offers no persuasive justification for suspending Local Rule 105.10." *See Humane Soc. of U.S.*, 2017 WL 1426007, \*5.

But, even if the Motion to Reconsider were timely, it would still fail. Plaintiff is correct that there is a slight discrepancy between the text of the FDCA as published in the Public Laws and the United States Code. Section 811(b) of Title III of Public Law 95-109 provides: "Nothing in this *title* shall be construed to authorize the brining of legal actions by debt collectors." Pub. L. No. 95-109, 91 Stat. 874, 880 (1977) (emphasis added). Codified at 15 U.S.C. § 1692i(b), that same provision in the United States Code reads: "Nothing in this *subchapter* shall be construed to authorize the bringing of legal actions by debt collectors." 15 U.S.C. § 1692i(b) (2019) (emphasis added).

3

However, this discrepancy is of no legal significance.  Under either reading, § 1692i(b) "does not affirmatively prohibit debt collectors from bringing legal actions, but merely declines to extend the circumstances under which they may do so[.]"  ECF 10 at 24 (quoting *Middlebrooks v. Sacor Fin., Inc.*, No. 1:17-CV-0679-SCJ-JSA, 2018 WL 4850122, at *20 (N.D. Ga. July 25, 2018)).  Accordingly, I am satisfied that the arguments advanced by plaintiff do not provide grounds for relief.

## II. Conclusion

Because I am satisfied that the Court's Memorandum (ECF 10) and Order (ECF 11) were correctly entered, I shall **DENY** plaintiffs' Motion to Reconsider (ECF 17).

A separate Order follows.

Date: August 13 2019                           /s/
                                       Ellen Lipton Hollander
                                       United States District Judge